SHAW *v.* SOULE and others.

*(Circuit Court, D. Vermont. July 10, 1884.)*

1. PATENT LAW—ASSIGNMENT—ALLEGED FRAUD.

    An inventor wishing to assign and receive royalties upon a patent for improvements in window-curtain fixtures, for which he had applied, mentioned as an inducement a weighted stick to be a feature in the patent, without saying that a third party had a patent covering the same. The assignment being made, and the patent obtained, without covering the stick, however, except in combination, after the assignee has manufactured under the patent and paid royalties, and after the other man's patent of the stick has been adjudged invalid through the efforts of the assignor, the assignee cannot escape liability for arrears on the plea of fraud.

2. SAME—GUARANTY.

    No guaranty of title is binding against the setting up of invalid claims.

Referee's Report.

*Jas. D. Denison*, for plaintiff.

*Guy C. Noble*, for defendant.

WHEELER, J. According to the referee's report, the plaintiff represented to the defendants that his invention of improvements in curtain fixtures, for which he had applied for a patent, covered a weighted stick, to induce them to take an assignment of the patent, manufacture under it, and pay him a royalty; and did not inform them that one Knapp had a patent purporting to cover the stick, which he knew, and which, if disclosed, would prevent the arrangement. The plaintiff's patent, when obtained, did not cover the weighted stick itself, but only the combination of it with other parts, and Knapp's patent appears to be, and has been adjudged to be, invalid as to that part. *Knapp* v. *Shaw*, 15 FED. REP. 115. The defendants took an assignment of the patent, covenanted to manufacture under it and pay a royalty to the plaintiff, did manufacture, and have been defended by the plaintiff against Knapp's patent, and have paid the royalties stipulated for, except an arrear for which this suit is brought.

The question now is whether the misrepresentation and concealment as to the weighted stick constitute a defense to this suit for this arrear. It is quite clear that the defendants could not, after manufacture and sale under the patent, rescind the contract, and treat it, and have it treated, as void, on any ground of fraud in its making. They had proceeded upon it so far as to affirm it; and it is not argued but that they had. The question is therefore narrowed down to whether they are entitled to damages arising out of the making of the contract which should be applied by way of recoupment to meet the sum due. The case does not show but that the defendants have enjoyed as much, nor but that the patent was worth as much, as if it had covered the weighted stick by itself. They have suffered nothing, so far as appears, except through Knapp's patent purporting to cover it, and Knapp's claim that his patent was valid to cover it. Had the plaintiff's patent covered it, Knapp's claim might not have been prevented; and whether it would or not, under his representation and the assignment of the patent he would have been bound to defend it only against lawful claims.

No guaranty of title is binding against the setting up of unfounded claims. *Underwood* v. *Birchard*, 47 Vt. 307. There is nothing, therefore, to show that the defendants have any claim for damages growing out of the transaction which could be applied if ascertained; and, further, no amount of damages is found, nor basis for ascertaining them is stated. The plaintiff is therefore entitled to judgment,

Judgment on report for plaintiff; damages, $732.90.